| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

GEORGE ESCAMILLA, §
　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　§　　CIVIL ACTION NO. 1:06-CV-81
　　　　　　　　　　　　　　§
T.C. OUTLAW, §
　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　　　Petitioner George Escamilla, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed.

　　　　The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

　　　　The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED.R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

　　　　Petitioner argues that he has been improperly denied both statutory good time credits, under 18 U.S.C. § 4161, and earned industrial meritorious good time credits, under 18 U.S.C. § 4126. However, upon revocation of his special parole term, petitioner's original sentence was increased by the period of his special parole term pursuant to 21 U.S.C. § 841(c). Thus, petitioner's sentence became ten years plus a life sentence.

The Fifth Circuit previously determined that the parole commission had the authority to revoke petitioner's lifetime special parole term and convert it into a term of life imprisonment. *See Escamilla v. Woods*, No. 98-41206 (5th Cir. Sept. 16, 1999). Contrary to petitioner's assertion, *Johnson v. United States*, 529 U.S. 694 (2000), did not alter this determination.

In *Johnson*, the Court examined supervised release, not special parole, but explained that "unlike a 'terminated' order of supervised release, one that is 'revoked' continues to have some effect." *Johnson*, 529 U.S. at 706. Here, petitioner's release on special parole was revoked, and a life term remains in effect.

In this case, the Parole Commission has exercised its discretion under the statute and has required petitioner to serve a portion of his life term in prison to be followed by a portion under supervision. Because petitioner is serving a life term, whether confined in whole or in part, he is not eligible for good time credits in accordance with 18 U.S.C. § 4161 since he is not serving a definite term other than for life. Further, the Bureau of Prisons is maintaining a record of petitioner's industrial good time credits in the event his case is commuted to something other than life.

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 9th day of March, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE